J-S68012-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| THOMAS DAVIS, JR., | |
| Appellant | No. 1732 WDA 2015 |

Appeal from the PCRA Order October 5, 2015
In the Court of Common Pleas of Cambria County
Criminal Division at No(s): CP-11-CR-0001546-2008

BEFORE: SHOGAN, SOLANO, and STRASSBURGER,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED NOVEMBER 04, 2016**

Appellant, Thomas Davis, Jr., appeals from the order denying his second petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. We affirm.

As a result of events stemming from a traffic stop on June 19, 2008, Appellant was charged with two counts of possession with intent to deliver a controlled substance, two counts of possession of a controlled substance, one count of possession of drug paraphernalia, one count of person not to possess firearms and one count of firearms not to be carried without a license. The drug charges were severed from the firearms charges.

_____

[*] Retired Senior Judge assigned to the Superior Court.

- 1 -

A jury trial on the drug charges was held on February 5, 2009. Appellant was convicted of all of the drug offenses and was sentenced on June 19, 2009, to six to twelve years of incarceration. Order, 6/19/09, at 1-6. A jury trial on the firearms charges was held July 6-7, 2009. Appellant was convicted of the firearms charges and was sentenced on August 6, 2009, to five to ten years of incarceration, with the sentence to be served consecutively to the sentence imposed on the drug convictions. Order, 8/6/09, at 1-2.

Appellant timely appealed the drug convictions sentence, which appeal was docketed at 1223 WDA 2009 in this Court. We affirmed Appellant's judgment of sentence on June 7, 2010. *Commonwealth v. Davis*, 1223 WDA 2009, 4 A.3d 677 (Pa. Super. filed June 7, 2010). Appellant filed a petition for allowance of appeal on June 29, 2010. *Commonwealth v. Davis*, 337 WAL 2010, 6/29/10. Appellant filed a praecipe for discontinuance on January 4, 2011, and the Supreme Court processed the request the same day. Notice of Disposition Sheet Exited, 1/4/11; Letter from Supreme Court, 1/4/11, at 1.

Appellant also timely appealed the firearms sentence which was docketed at 1524 WDA 2009 in this Court. This Court affirmed Appellant's judgment of sentence on October 12, 2010. *Commonwealth v. Davis*, 1524 WDA 2009, 15 A.3d 523 (Pa. Super. filed October 12, 2010). Appellant did not file a petition for allowance of appeal at that docket.

Appellant filed his first PCRA Petition on February 2, 2011, identifying in his petition the drug and firearms convictions and the appeals at both dockets. Counsel was appointed to represent Appellant and filed an amended PCRA petition. Appellant's PCRA petition was dismissed on October 26, 2011. Order, 10/26/11. Appellant timely appealed, and this Court affirmed the PCRA court's determination on June 19, 2012. *Commonwealth v. Davis*, 1811 WDA 2011, 53 A.3d 934 (Pa. Super. filed June 19, 2012). Appellant filed a petition for allowance of appeal, which was denied on November 21, 2012. *Commonwealth v. Davis*, 308 WAL 2012, 57 A.3d 66 (Pa. November 21, 2012).

Appellant filed the instant PCRA petition, his second, on August 6, 2015. On October 5, 2015, the PCRA court dismissed Appellant's petition. Appellant timely appealed on October 28, 2015.[1] Appellant was directed to file a Pa.R.A.P. 1925(b) statement. Counsel was appointed and filed a Pa.R.A.P. 1925(b) statement. The PCRA court filed a statement pursuant to Pa.R.A.P. 1925(a).

Appellant presents the following issues for our review:

> [I.]  Did the PCRA court erroneously conclude that Appellant did not plead and satisfy the requirements of the Post Conviction Relief Act?

_____

[1] We note that Appellant also filed a notice of appeal to this Court on October 16, 2015, which was docketed at 1662 WDA 2015. By order entered December 7, 2015, this Court dismissed that appeal as duplicative of the instant appeal. *Commonwealth v. Davis*, Order, 12/7/15.

[II.] Did the PCRA court err in dismissing Appellant's PCRA petition without first conducting a hearing on the merits of [Appellant's] arguments?

III. Did the PCRA court err in its decision wherein it opines that Appellant is not entitled to PCRA relief on his claim which is time-barred on its face.

IV. Did the PCRA court err in denying Appellant's motion for relief by not properly considering the decision of the Pennsylvania Supreme Court in Commonwealth v. Hopkins, 117 A.3d 247 (Pa. June 15, 2015)?

V. Did the PCRA court err by not granting Appellant's requested relief as was warranted in both the United States and Pennsylvania Supreme Court rulings which deemed 42 Pa.C.S.A. 6317 and 41 Pa.C.S.A. 9712.1 unconstitutional?

Appellant's Brief at 4 (full capitalization omitted).[2]

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. **Commonwealth v. Phillips**, 31 A.3d 317, 319 (Pa. Super. 2011) (citing **Commonwealth v. Berry**, 877 A.2d 479, 482 (Pa. Super. 2005)). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Id**. (citing **Commonwealth v. Carr**, 768 A.2d 1164, 1166 (Pa. Super. 2001)).

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). This time

---

[2] We renumbered Appellant's issues for ease of disposition.

requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. *Commonwealth v. Cintora*, 69 A.3d 759, 762 (Pa. Super. 2013). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[3] A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42

_____

[3] The exceptions to the timeliness requirement are:

> (i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*(Footnote Continued Next Page)*

- 5 -

Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2). **Carr**, 768 A.2d at 1167.

Appellant's judgment of sentence at 1223 WDA 2009 became final on January 4, 2011, when he voluntarily discontinued his direct appeal. **See Commonwealth v. McKeever**, 947 A.2d 782, 785 (Pa. Super. 2008) (explaining that the appellant's judgment of sentence became final on the date appellant discontinued his direct appeal) (citing **Commonwealth v. Conway**, 706 A.2d 1243 (Pa. Super 1997) ("judgment of sentence final for PCRA purposes when appeal is discontinued voluntarily")). Accordingly, Appellant had until January 4, 2012, to file a timely PCRA petition in this matter.

Appellant's judgment of sentence at 1524 WDA 2009 became final on November 11, 2010, when the time for filing a petition for allowance of appeal with the Pennsylvania State Supreme Court expired. **See** 42 Pa.C.S. § 9545(b)(3) (providing that "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."). Therefore, Appellant had to file the current

_(Footnote Continued)_ ─────────────────

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

PCRA petition in this matter by November 11, 2011, in order for it to be timely.

Appellant filed the instant PCRA petition on August 6, 2015. Accordingly, Appellant's instant PCRA petition is patently untimely as related to both dockets.

As previously stated, if a petitioner does not file a timely PCRA petition, his petition may nevertheless be received under any of the three limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S. § 9545(b)(1). If a petitioner asserts one of these exceptions, he must file his petition within sixty days of the date that the exception could be asserted. 42 Pa.C.S. § 9545(b)(2). This is true despite the fact that Appellant's petition presents a challenge to the legality of his sentence. ***See Commonwealth v. Fowler***, 930 A.2d 586, 592 (Pa. Super. 2007) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto.").

Appellant argues that he is eligible for relief because he "specifically and properly plead facts in his petition to satisfy the requirements of 42 Pa.C.S.A. 9545(b)(1)(ii)." Appellant's Brief at 8. Appellant further alleges that

> [t]he merits of [A]ppellant's petition were reliant upon Com v. Hopkins, which was not published until June, 2015. 117 A.3d 247 (Pa., June 15, 2015). Appellant appropriately and timely filed his petition within 60 days of that date, as required by 42

> Pa.C.S.A. 9545(b). . . . As such, the timeliness of the filing of the petition was not a bar to the merits of the petition being heard by the PCRA Court.

*Id.* at 9.

We first note that to the extent Appellant argues in his petition that the PCRA one-year time-bar does not apply in this case because *Commonwealth v. Hopkins*, 117 A.3d 247 (Pa. 2015) triggered the newly-discovered facts exception to the PCRA time limit, this Court has ruled that judicial decisions are not facts for purposes of 42 Pa.C.S. § 9545(b)(1)(ii). *See Cintora*, 69 A.3d at 763 ("a judicial opinion does not qualify as a previously unknown 'fact' capable of triggering the timeliness exception set forth in section 9545(b)(1)(ii) of the PCRA.").

Additionally, we cannot conclude that Appellant's claim establishes the "new constitutional right" exception to the PCRA time-bar based on *Hopkins* and *Alleyne v. United States*, 133 S.Ct. 2151 (2013).

> In *Alleyne,* the Supreme Court held that the constitutional jury trial right requires any fact, other than a prior conviction, that triggers a mandatory minimum sentence to be proven beyond a reasonable doubt before the finder of fact. *Alleyne* is an application of the Court's prior pronouncement in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), which ruled that any fact that increases a maximum sentence must be found by the factfinder beyond a reasonable doubt or admitted by the defendant during his guilty plea. In *Alleyne,* the United States Supreme Court expressly overruled *Harris v. United States,* 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002), which held that a fact that involves a mandatory minimum sentence does not implicate jury trial rights. *Alleyne* also implicitly abrogated *McMillan v. Pennsylvania,* 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67

(1986), which withstood an *Apprendi* attack in the *Harris* decision.

> In *Commonwealth v. Newman*, 99 A.3d 86 (Pa.Super.2014) (relying upon *Commonwealth v. Watley*, 81 A.3d 108, 118 (Pa.Super.2013) (*en banc*)), we noted that *Alleyne* will be applied to cases pending on **direct appeal** when *Alleyne* was issued.

*Commonwealth v. Riggle*, 119 A.3d 1058, 1064 (Pa. Super. 2015) (emphasis added).

While this Court has held that *Alleyne* applies to cases that were on direct appeal when *Alleyne* was issued, we have declined to construe that decision as applying retroactively to cases in which the judgment of sentence has become final.

> In concluding *Alleyne* does not satisfy the new retroactive constitutional right exception to the PCRA's one year time bar, 42 Pa.C.S. § 9545(b)(1)(iii), the [*Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014)] Court explained:
>
>> Even assuming that *Alleyne* did announce a new constitutional right, neither our Supreme Court, nor the United States Supreme Court has held that *Alleyne* is to be applied retroactively to cases **in which the judgment of sentence had become final.** This is fatal to Appellant's argument regarding the PCRA time-bar. This Court has recognized that a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or our Supreme Court specifically holds it to be retroactively applicable to those cases.
>
> *Id.* at 995 (citations omitted) (emphasis supplied).

*Commonwealth v. Ruiz*, 131 A.3d. 54, 58 (Pa. Super. 2015) (emphasis in original). Indeed, our State Supreme Court recently held that "*Alleyne*

does not apply retroactively to cases pending on collateral review." *Commonwealth v. Washington*, 142 A.3d 810, 820 (Pa. 2016).

As noted, Appellant's judgments of sentence became final on January 4, 2011, and November 11, 2010. *Alleyne* was decided on June 17, 2013. *Alleyne*, 133 S.Ct. at 2151. Appellant's judgments of sentence were finalized years before *Alleyne* was decided. Therefore, Appellant's PCRA petition does not qualify for the new constitutional-right exception to the PCRA time-bar under *Alleyne*.

Furthermore, the *Hopkins* decision did not announce a "new rule"; rather, it simply assessed the validity of 18 Pa.C.S. § 6317 under *Alleyne* and concluded that particular mandatory minimum sentencing statute is unconstitutional. Nevertheless, even if *Hopkins* announced a new rule, neither our Supreme Court nor the United States Supreme Court has held that *Hopkins* applies retroactively to post-conviction petitioners such as Appellant. As noted, Appellant's judgments of sentence became final on January 4, 2011, and November 11, 2010, and *Hopkins* was not decided until June 15, 2015. Consequently, to the extent Appellant attempts to rely on *Hopkins*, he has not satisfied the time-bar exception of section 9545(b)(1)(iii).

Additionally, we note that although a challenge based on *Alleyne* does implicate the legality of a sentence, "a legality of sentence claim may nevertheless be lost should it be raised . . . in an untimely PCRA petition for

- 10 -

which no time-bar exception applies." *Miller*, 102 A.3d at 995-996. Thus, the PCRA court properly dismissed Appellant's instant PCRA petition as untimely. It was filed beyond the one-year general deadline, and Appellant cannot rely on *Alleyne* or its progeny to invoke the timeliness exception at section 9545(b)(1)(iii).

Appellant also asserts that the PCRA court erred in dismissing Appellant's petition without first conducting a hearing. Appellant's Brief at 8. We note that the right to an evidentiary hearing on a post-conviction petition is not absolute. *Commonwealth v. Jordan*, 772 A.2d 1011, 1014 (Pa. Super. 2001). The PCRA court may dismiss a petition without a hearing when the court is satisfied "that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by any further proceedings." *Commonwealth v. Johnson*, 139 A.3d 1257, 1273 (Pa. 2016) (quoting Pa.R.Crim.P. 909(B)(2)). Because the petition was untimely, the PCRA lacked jurisdiction to review the merits of Appellant's claims and Appellant was not entitled to post-conviction relief. Accordingly, the PCRA court did not err in dismissing Appellant's petition without conducting a hearing.

In his third issue, Appellant argues that his petition was not facially untimely because he filed a federal *habeas corpus* petition on January 22, 2013. Appellant's Brief at 9. Appellant argues that petition was "appropriately filed within 90 days of December 12, 2012, which was the

date [A]ppellant's allowance of appeal was denied by the Pennsylvania Supreme Court." *Id.* Appellant asserts that because the federal *habeas corpus* petition has not yet been ruled upon, his judgment of sentence has not been finalized and therefore the "clock" for his PCRA petition has not begun to run. *Id.* at 10.

We first note that despite Appellant's assertion that his petition for allowance of appeal was denied on December 12, 2012, the record does not reflect that claim.[4] As noted, the record reflects that Appellant withdrew his petition for allowance of appeal on direct appeal at docket 1223 WDA 2009 on January 4, 2011, which is the date upon which Appellant's judgment of sentence became final. *McKeever*, 947 A.2d at 785. Appellant's federal filing was not within ninety days of January 4, 2011.[5]

Moreover, Appellant would have had ninety days from the date of the Pennsylvania Supreme Court's decision on direct appeal to file **a petition for a writ of *certiorari*** with the United States Supreme Court. ***Commonwealth v. Hackett***, 956 A.2d 978, 980 n.4 (Pa. 2008); United

_____

[4] Appellant presents no citation in support of this statement.

[5] The record reflects that Appellant's petition for allowance of appeal from the Superior Court's affirmance of the dismissal of Appellant's first PCRA petition was denied on November 21, 2012. ***Commonwealth v. Davis***, 308 WAL 2012, 57 A.3d 66 (Pa. filed November 21, 2012). However, this was not a petition for an allowance of appeal filed on direct appeal, and therefore has no effect on the determination of the finality of Appellant's sentence and the related timeline under the PCRA.

States Supreme Court Rule 13; *see also* 42 Pa.C.S. § 9545(b)(3) (providing that "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."). A federal petition for *habeas corpus* does not impact the finality of Appellant's judgment of sentence. As our Supreme Court has explained, a federal *habeas corpus* proceeding is not an appeal from a state court proceeding, but an original civil action based in federal court. **Commonwealth v. Whitney**, 817 A.2d 473, 474 (Pa. 2003). Therefore, Appellant is incorrect in his assertion that due to his filing of a federal *habeas corpus* petition which has not yet been ruled upon, his judgment of sentence is not yet finalized. Appellant's judgments of sentence were finalized as outlined above. As a result, Appellant's instant PCRA petition is untimely.

In his fourth and fifth issues, Appellant asserts that the PCRA court erred in dismissing his PCRA petition because minimum sentencing statutes have been declared unconstitutional under **Hopkins** and **Alleyne**. Appellant's Brief at 10-11. For reasons outlined in our previous discussion of **Hopkins** and **Alleyne**, these issues lack merit.

Consequently, because the instant PCRA petition was untimely and no exceptions apply, the PCRA court lacked jurisdiction to address the claims presented and grant relief. **See Commonwealth v. Fairiror**, 809 A.2d

396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition). Likewise, we lack the authority to address the merits of any substantive claims raised in the PCRA petition. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007) ("[J]urisdictional time limits go to a court's right or competency to adjudicate a controversy.").

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  11/4/2016